UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
TRUSTEES OF THE EMPIRE STATE
CARPENTERS ANNUITY, APPRENTICESHIP, LABOR-
MANAGEMENT COOPERATION, PENSION AND
WELFARE FUNDS, TRUSTEES OF THE NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS PENSION
FUND, WELFARE FUND, ANNUITY FUND, AND
APPRENTICEHSIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT CORPORATION,

               Plaintiffs,

-against-                  **14-CV-2121**
                         **VEC**

TRIANGLE FLOORING & SUPPLY CORP.,
E_M CUSTOM FLOORING INSTALLATIONS, INC.,
ACCENT HARDWOOD FLOORING & SUPPLY CORP., and
E&M HARDWOOD FLOORING CORP.

               Defendants.
-----------------------------------------------------------------------------x

## ANSWER TO SECOND AMENDED COMPLAINT

   Defendants Accent Hardwood Flooring & Supply Corp., E_M Custom Flooring Installations, Inc. and E&M Hardwood Flooring Corp. (hereinafter "Defendants"), by their attorneys, The Ziskin Law Firm, LLP, as and for their Answer and Affirmative Defenses to the Complaint, allege as follows:

   1.  With regard to paragraph number "1" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

1

2. With regard to paragraph number "2" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

3. With regard to paragraph number "3" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

4. With regard to paragraph number "4" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

5. With regard to paragraph number "5" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

6. With regard to paragraph number "6" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

7. With regard to paragraph number "7" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation

therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

8. With regard to paragraph number "8" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

9. With regard to paragraph number "9" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

10. With regard to paragraph number "10" of the complaint, Defendants admit that E_M Custom Flooring Installations, Inc. is a New York State corporation with a place of business in 390 Middle Country Road, Middle Island, New York, 11953, but Defendants deny knowledge and information sufficient to form a belief as to each and every other allegation contained therein and asserts that such paragraph contains legal conclusions which are for consideration of the court.

11. With regard to paragraph number "11" of the complaint, Defendants admit that Accent Hardwood Flooring & Supply Corp. was a New York State corporation with a place of business in 390 Middle Country Road, Middle Island, New York, 11953, but Defendants deny knowledge and information sufficient to form a belief as to each and every other allegation contained therein and asserts that such paragraph contains legal conclusions which are for consideration of the court.

12. With regard to paragraph number "12" of the complaint, Defendants admit that E&M Hardwood Flooring Corp. was a New York State corporation with a place of business in 390 Middle Country Road, Middle Island, New York, 11953, but Defendants deny knowledge and information sufficient to form a belief as to each and every other allegation contained therein and asserts that such paragraph contains legal conclusions which are for consideration of the court.

13. With regard to paragraph number "13" of the complaint, Defendants deny each and every allegation contained therein.

14. With regard to paragraph number "14" of the complaint, Defendants deny each and every allegation contained therein.

15. With regard to paragraph number "15" of the complaint, Defendants deny each and every allegation contained therein.

16. With regard to paragraph number "16" of the complaint, Defendants deny each and every allegation contained therein.

17. With regard to paragraph number "17" of the complaint, Defendants admit each and every allegation contained therein.

18. With regard to paragraph number "18" of the complaint, Defendants deny each and every allegation contained therein.

19. With regard to paragraph number "19" of the complaint, Defendants admit each and every allegation contained therein.

20. With regard to paragraph number "20" of the complaint, Defendants deny each and every allegation contained therein.

21. With regard to paragraph number "21" of the complaint, Defendants deny each and every allegation contained therein.

22. With regard to paragraph number "22" of the complaint, Defendants deny each and every allegation contained therein.

23. With regard to paragraph number "23" of the complaint, Defendants deny each and every allegation contained therein.

24. With regard to paragraph number "24" of the complaint, Defendants deny each and every allegation contained therein.

25. With respect to the allegations contained in paragraph "25" of the Complaint, Defendants repeat and reallege each and every portion of their Answer to paragraphs "1" through "24" of the Complaint as if more fully set forth herein at length.

26. With regard to paragraph number "26" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein.

27. With regard to paragraph number "27" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein

28. With regard to paragraph number "28" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein

29. With regard to paragraph number "29" of the Complaint, Defendants deny knowledge and information sufficient to form a belief as to each and every allegation therein

30. With respect to the allegations contained in paragraph "30" of the Complaint, Defendants repeat and reallege each and every portion of their Answer to paragraphs "1" through "29" of the Complaint as if more fully set forth herein at length.

31. With regard to paragraph number "31" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

32. With regard to paragraph number "32" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

33. With respect to the allegations contained in paragraph 33 of the Complaint, Defendants repeat and reallege each and every portion of their Answer to paragraphs "1" through "32" of the Complaint as if more fully set forth herein at length.

34. With regard to paragraph number "34" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

35. With regard to paragraph number "35" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

36. With respect to the allegations contained in paragraph "36" of the Complaint, Defendants repeat and reallege each and every portion of their Answer to paragraphs "1" through "35" of the Complaint as if more fully set forth herein at length.

37. With regard to paragraph number "37" of the complaint, Defendants admit each and every allegation contained therein.

38. With regard to paragraph number "38" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

39. With regard to paragraph number "39" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

40. With respect to the allegations contained in paragraph "40" of the Complaint, Defendants repeat and reallege each and every portion of their Answer to paragraphs "1" through "39" of the Complaint as if more fully set forth herein at length.

41. With regard to paragraph number "41" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

42. With regard to paragraph number "42" of the Complaint, Defendants deny each and every allegation therein and Defendants assert that such allegations contain legal conclusions which are for consideration of the Court.

AFFIRMATIVE DEFENSES

AS AND FOR A FIRST SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

43. Plaintiffs have failed to set forth a cause of action upon which relief may be granted.

AS AND FOR A SECOND SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

44. Upon information and belief, Defendant Triangle Flooring & Supply Corp. was located at 20 Brooklyn Avenue, Massapequa, New York and was solely owned

by Michael Taylor. Defendants' Accent Hardwood Flooring & Supply Corp., E_M Custom Flooring Installations, Inc. and E&M Hardwood Flooring Corp. (i) did not maintain a principal place of business at the Massapequa address; and (ii) Michael Taylor has not been a shareholder in these corporations.

AS AND FOR A THIRD SEPARATE<br>AND DISTINCT AFFIRMATIVE DEFENSE

45.     Defendants' Accent Hardwood Flooring & Supply Corp., E_M Custom Flooring Installations, Inc. and E&M Hardwood Flooring Corp. were never parties to a collective bargaining agreement with the Empire State Regional Council of Carpenters and/or the New York City District Council of Carpenters during the time period for which contributions are sought, and the District Court lacks subject matter jurisdiction in this matter to with respect to Defendants in accordance with the provisions of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. Sections 1102 and 1145.

AS AND FOR A FOURTH SEPARATE<br>AND DISTINCT AFFIRMATIVE DEFENSE

46.     Defendants' Accent Hardwood Flooring & Supply Corp., E_M Custom Flooring Installations, Inc. and E&M Hardwood Flooring Corp. were never parties to a collective bargaining agreement with the Empire State Regional Council of Carpenters and/or the New York City District Council of Carpenters during the time period for which contributions are sought, and the District Court lacks subject matter jurisdiction in this matter with respect to Defendants in accordance with the provisions of the Labor Management Relations Act of 1947, Section 301(a), 29 U.S.C. Section 185(a).

AS AND FOR A FIFTH SEPARATE<br>AND DISTINCT AFFIRMATIVE DEFENSE

47.     It is contended that such causes of action allege a violation of the Employee Retirement Income Security Act of 1974("ERISA"), and upon information and belief as Defendants' Accent Hardwood Flooring & Supply Corp., E_M Custom Flooring Installations, Inc. and E&M Hardwood Flooring Corp. did not have a written collective bargaining agreement with the Empire State Regional Council of Carpenters and/or the New York City District Council of Carpenters during the time period for which contributions are sought, such Defendants are not "Employer(s)" within the meaning of 29 U.S.C. 1002(5).

AS AND FOR A SIXTH SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

48.     Defendants' Accent Hardwood Flooring & Supply Corp., E_M Custom Flooring Installations, Inc. and E&M Hardwood Flooring Corp. did not have a written collective bargaining agreement with the Empire State Regional Council of Carpenters and/or the New York City District Council of Carpenters during the time period for which contributions are sought, and it is contended that such causes of action alleges a violation of the National Labor Relations Act, which allegations are time barred and for each of such reasons, the United States District Court is preempted from considering such allegations with respect to such Defendants.

AS AND FOR A SEVENTH SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

49.     The allegations set forth within the Plaintiffs' Complaint are barred by the applicable statute of limitations.

AS AND FOR AN EIGHTH SEPARATE
AND DISTINCT AFFIRMATIVE DEFENSE

50.     The applicable Statute of Frauds precludes any relief herein.

WHEREFORE, the Defendants demand that the court adjudge:

That the Complaint be dismissed in its entirety, together with costs, attorneys' fees and disbursements, together with such other and further relief as to this Court may seem just and proper and such other and further legal and equitable relief as this Court deems appropriate.

Dated:   Commack, New York

January 7, 2015

The Ziskin Law Firm, LLP

By:   *Richard B. Ziskin*
Richard B. Ziskin
Attorneys for Defendants
Accent Hardwood Flooring & Supply Corp.
E_M Custom Flooring Installations, Inc.
E&M Hardwood Flooring Corp.
Office and P. O. Address
6268 Jericho Turnpike, Suite 12A
Commack, NY 11725
(631) 462-1417